**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1746

KVC WAFFLES LTD., A United Kingdom Private Limited Company,

Plaintiff - Appellant,

v.

NEW CARBON COMPANY, LLC, An Indiana Limited Liability Company,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge. (1:20-cv-00195-LKG)

Submitted: October 13, 2023                     Decided: November 15, 2023

Before THACKER and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Vernon W. Johnson, III, NIXON PEABODY, LLP, Washington, D.C., for Appellant. Matthew M. Saxon, John W. H. Harding, Lauren Gailey, WINSTON & STRAWN, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

KVC Waffles Ltd. (KVC) appeals the district court's order granting summary judgment to Defendant in its civil action for breach of contract and tortious interference. *See KVC Waffles Ltd. v. New Carbon Co., LLC*, No. 1:20-cv-00195-LKG (D. Md. June 28, 2022). The district court determined that the doctrine of mutual default under Maryland state law barred the claim for breach of a 2009 distributorship agreement and that KVC could not prevail on its tortious interference claims because it had not met its burden to show that Defendant's claimed tortious conduct caused its injuries or that it incurred damages as a result of such conduct.

Reviewing the district court's grant of summary judgment to Defendant de novo, *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021), we find no reversible error. We affirm the grant of summary judgment to Defendant on KVC's claim for breach of contract on the basis that KVC did not satisfy the condition precedent to its recovery by proving its own performance or an excuse for nonperformance based on its failure to fulfill its timely payment obligation in the 2009 agreement, *see Hubler Rentals, Inc. v. Roadway Express, Inc.*, 637 F.2d 257, 260-61 (4th Cir. 1981) (per curiam), and we reject as without merit KVC's appellate arguments challenging the denial of relief on this claim. We also find no reversible error in the district court's ruling granting summary judgment to Defendant on the tortious interference claims, *see Med. Mut. Liab. Soc'y of Md. v. B. Dixon Evander & Assocs., Inc.*, 660 A.2d 433, 439 (Md. 1995), and reject as without merit KVC's appellate arguments challenging the denial of relief on these claims. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*